**Alfred AVINS, Plaintiff,**

v.

**NEW YORK POST CORPORATION, Defendant.**

United States District Court
S. D. New York.

June 6, 1960.

Alfred Avins, pro se, Stuart Jay Young, Chicago, Ill., appointed June 15, 1960, as counsel for plaintiff.

M. Marvin Berger, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

This is an action for libel brought against a New York corporation by a resident of the District of Columbia. Plaintiff appears pro se and his complaint gives a Washington, D. C. address. It also appears that he is an attorney and, according to the records of this court, a member of the bar of this court.

Defendant moves to set aside service and to dismiss the complaint on the ground that plaintiff is not represented by an attorney having an office within

the Southern or Eastern Districts of New York as required by Rule 4 of the General Rules of this Court.

The plaintiff cross-moves for an order requiring defendant to serve its answer on or before June 8, 1960 or suffer a default judgment.

Rule 4 of the General Rules of this Court reads as follows:

"Attorneys of Record.

"No member of the bar of this court not having an office within the Southern or Eastern District of New York shall appear as attorney or proctor of record in any cause without designating with his initial notice or pleading a member of the bar of either district having an office within the Southern or Eastern District of New York upon whom service of papers may be made."

Rule 3(c) provides that "only an attorney or proctor of this court may enter appearances for parties, sign stipulations," etc.

As this rule is presently drawn it does not cover the plaintiff. It applies only to members of the bar of this court who appear as attorneys of record. Plaintiff is appearing pro se and is not appearing as attorney of record.

As far as I am aware there is no rule presently requiring a party appearing pro se to designate an office or place for the service of papers in this district. It would seem that the failure of the rules so to provide is unfortunate and that such a provision is desirable. But we are dealing here with the rules as they are drawn and not with the rules as they should be drawn.

■ It may be noted here that the plaintiff, though he is a member of the bar of this court, did not even take the trouble to appear at the call of the calendar but merely submitted a letter in opposition by mail to the clerk, and, in fact, submitted his cross-motion in the same fashion. Such loose practice should not be encouraged and the fact that an attorney is appearing pro se should not relieve him from following required procedures.

However, the defendant is not entitled to the relief which it seeks and its motion is denied.

The plaintiff's cross-motion is granted to the extent of directing that defendant serve its answer to the complaint within fifteen (15) days from the filing of this memorandum and otherwise is denied.

It is so ordered.